IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CATHERINE VERSCHELDEN, in her individual capacity and as personal representative to the Estate of Matthew Verschelden, </br></br>Plaintiff, </br></br>v. </br></br>THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, </br></br>Defendant. | No. 4:19-CV-00167-DGK |

## ORDER DENYING MOTION TO STRIKE

This case arises out of Defendant The Hartford Life and Accident Insurance Company ("Hartford") denying life-insurance benefits to Plaintiff. Now before the Court is Hartford's motion to strike certain portions of Plaintiff's reply brief (Doc. 46).

Hartford claims Plaintiff argues in it for the first time that Hartford's own guidelines provide different roadmaps depending on whether a claim is standard or non-standard (Doc. 46). In support of this argument, Plaintiff attached a sealed document supporting her contentions (Doc. 43). Plaintiff denies the argument is improper, claiming Hartford either misunderstood her original argument or is merely fabricating an attack on Plaintiff to "avoid revealing relevant evidence to the Court" (Doc. 47 at 1).

As a "general rule," courts do "not consider issues first raised in reply briefs." *Norwest Bank of N.D., N.A. v. Doth*, 159 F.3d 328, 334 (8th Cir. 1998) (citing *United States v. Darden*, 70 F.3d 1507, 1549 n.18 (8th Cir. 1995) ("Appellants generally must raise and brief all issues in their opening briefs. . . . Absent some reason for failing to do so, we will not consider an issue first raised in a reply brief.")). Allowing new arguments to be raised in a reply briefs encourages parties

to "sandbag" their opponents by sidestepping the nonmoving party's ability to respond. *See Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1346–47 (8th Cir. 1996).

Here, Plaintiff's reply arguably advances a new argument, and unquestionably includes new evidence. While the Court generally gives parties latitude in their reply briefing to address arguments made in the nonmoving party's response, Plaintiff's inclusion of additional evidence—and not mere argumentation—oversteps the outer bounds of the rule against raising new issues in a reply.

Accordingly, the Court will allow Hartford a sur-reply solely for the purpose of addressing Plaintiff's new argument. Hartford is granted leave to file a sur-reply of not more than five pages, on or before August 14, 2020.

**IT IS SO ORDERED.**

Date:  July 24, 2020           /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT